# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * *  * | |
| KIMBERLY BOWMAN,             * | |
|                              * | No. 13-807V |
|          Petitioner,         * | Special Master Christian J. Moran |
|                              * | |
| v.                           * | Filed: August 29, 2014 |
|                              * | |
| SECRETARY OF HEALTH          * | Stipulation; influenza ("flu") |
| AND HUMAN SERVICES,          * | vaccine; shoulder injury related to |
|                              * | vaccine administration ("SIRVA"); |
|          Respondent.         * | attorneys' fees and costs |
| * * * * * * * * * * *  * * * * * * * * * * | |

Andrew D. Downing, Hennelly & Steadman, P.C., Phoenix, AZ, for Petitioner;
Gordon E. Shemin, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On August 25, 2014, the respondent filed a joint stipulation concerning the petition for compensation filed by Kimberly Bowman.  In her petition, Ms. Bowman alleges that the influenza ("flu") vaccination, which she received on October 20, 2010, caused her to suffer a shoulder injury.  Ms. Bowman seeks compensation pursuant to the National Childhood Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 through 34 (2006).

In her June 16, 2014 Rule 4 (c) report, respondent conceded that Ms. Bowman's claim is compensable under the Act.  Soon thereafter, the undersigned ruled that Ms. Bowman is entitled to compensation.  Ruling, issued June 17, 2014.

The parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

    Compensation awarded in that stipulation includes:

**A. A lump sum of $325,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a); and**

**B. A lump sum of $12,634.27 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.**

    In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-807V according to this decision and the attached stipulation.

    Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

    **IT IS SO ORDERED.**

                              s/Christian J. Moran
                              Christian J. Moran
                              Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KIMBERLY BOWMAN, ) | |
| ) | |
| Petitioner, ) | No. 13-807V |
| ) | Special Master Moran |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccination on or about October 20, 2010.

3. The vaccine was administered within the United States.

4. Petitioner suffered a shoulder injury related to vaccine administration (SIRVA). This includes, but is not limited to, petitioner's tendonitis, adhesive capsulitis, and disorders of the bursea and tendons in her shoulder region.

5. Petitioner experienced the residual effects of her injury for more than six months.

6. There is not a preponderance of evidence demonstrating that petitioner's condition is due to a factor unrelated to vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for her SIRVA. Therefore, a decision should be entered awarding the compensation described in Paragraph 9 of this stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a.  A lump sum of $325,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a); and

   b.  A lump sum of $12,634.27 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraph 9, petitioner, in her individual capacity, and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 20, 2010 as alleged by petitioner in a petition for vaccine compensation filed on or about October 17, 2013, in the United States Court of Federal Claims as petition No. 13-807V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing

other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_____
KIMBERLY BOWMAN

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
ANDREW D. DOWNING
Van Cott & Talamante, PLLC
2025 N. Third Street
Suite 260
Phoenix, AZ 85004
(602) 257-9160

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_____
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Acting Director
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: August 25, 2014